IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| KEVIN BARNES, | § | |
| TDCJ-CID # 1063303, | § | |
| and | § | |
| KENNETH MOLETT, | § | |
| TDCJ-CID # 629054, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-05-014 |
| | § | |
| BILL PIERCE, et al., | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before this court in this prisoner civil rights action are various motions, including motions filed by two prisoners who wish to intervene, and the original plaintiff's response to the court's Order for More Definite Statement. The court will rule as follows:

### I. Claims Asserted in More Definite Statement

TDCJ-CID Inmate Kevin Barnes filed the original complaint pursuant to 42 U.S.C. § 1983 alleging that prison officials at the TDCJ-CID Stevenson Unit violated his right to express his Muslim religious beliefs. The court issued an Order (Docket Entry No. 8) instructing Barnes to answer specific questions regarding his practices and how the defendants allegedly interfered with them. Barnes filed a response (Docket Entry No. 10) which presents allegations that he was prevented from attending Muslim religious services due to his classification although he still had access to other non-religious activities as well as services held for other religious denominations. Barnes also complains that Muslims are not allowed to pray quietly in the day rooms or engage in

religious activity while they are in other inmates' cells. Nor are they allowed to wear short, quarter-inch beards although other inmates are may do so if their medical condition requires that they not shave. Liberally construed, Barnes's complaint indicates that the defendants' actions violates his rights under the First Amendment, the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA). 42 U.S.C. § 2000cc-1(a).

It is well settled that prisoners must be accorded "reasonable opportunities" to exercise their religious freedom guaranteed by the First Amendment. *Cruz v. Beto*, 92 S.Ct. 1079, 1081 n.2 (1972). It is also established that prison officials may place limits on worship opportunities due to factors such as lack of resources, and some prisoners who present serious challenges to institutional security may be denied access to organized services. *See Adkins v. Kaspar*, 393 F.3d 559 (5th Cir. 2004); *Wilson v. Budney*, 976 F.2d 957 (5th Cir. 1992); *Mumin v. Phelps*, 857 F.2d 1055 (5th Cir. 1988). Barnes alleges that Muslim prisoners are not allowed the same opportunities available to prisoners of other faiths. It is possible that the defendant TDCJ-CID officials will produce evidence which either refutes this claim outright or presents a compelling state interest behind the alleged burdens placed on Muslim inmates' religious tenets. *See Cutter v. Wilkinson*, 125 S.Ct. 2113, 2119 (2005); *Freeman v. Texas Dept. of Criminal Justice*, 369 F.3d 854, 862 (5th Cir. 2004), *citing Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir.1992). However, the court must be assured that Muslim prisoners at the Stevenson Unit are not faced with "'frivolous or arbitrary'" barriers which impede their religious exercise. *See Cutter*, at 2119. For this reason, the court finds that it is necessary to order a response from the defendants regarding opportunities available to the plaintiffs to practice their Muslim religion at the TDCJ-CID Stevenson Unit. The court will issue such a directive in a separate Order.

In contrast to the allegation of denial of access to religious services, Barnes's allegation regarding the prohibition of beards does not support an actionable claim under § 1983. The TDCJ-CID policy of refusing to permit inmates to wear any beard, even a quarter-inch beard, except for medical reasons does not violate the free exercise rights of a Muslim inmate; nor does it constitute a violation under the equal protection clause or the standards under RLUIPA. *Green v. Polunsky*, 229 F.3d 486, 488 (5th Cir.2000); *Gooden v. Crain*, 405 F.Supp.2d 714, 21 (E.D. Tex. 2005). Therefore, the claim concerning beards will be **DISMISSED** as frivolous under 28 U.S.C. § 1915(e).

Barnes's motion (Docket Entry No. 9) in which he seeks relief from having to file additional copies of his More Definite Statement will be **GRANTED**.

## II. Motions to Intervene

Two other prison inmates, Kenneth Molett and Thomas Wayne Florence, have sought to intervene as plaintiffs. Molett's pleadings (Docket Entry Nos. 15 and 17) are very similar to those submitted by Barnes. He makes essentially the same allegations and arguments. Further, Molett has filed pleadings in conjunction with Barnes (*See* Docket Entry Nos. 10 and 22) and the two inmates appear to have corresponding interests.

This action is brought under the provisions of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915. The court is leery of inmates who seek to join together in civil rights actions due to the potential of engaging in frivolous litigation without facing the consequences of being held responsible for the full filing fee. *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) ("Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file suits."). However, Barnes and Molett have presented a complaint that at least appears to be viable, even if they may not ultimately

prevail on the merits when the evidence is presented to the court.  Moreover, Molett has filed an Application to Proceed In Forma Pauperis (Docket Entry No. 12) which does comply with the provisions of the PLRA.  The court will **GRANT** Molett's motion to intervene (Docket Entry No. 11) and will **DENY** as moot other motions (Docket Entry Nos. 19 and 22) seeking the same relief.  Molett's motion to add claims (Docket Entry No. 15) and to add Warden Iglesias and Jo Beth Smith of the Chaplaincy Department (Docket Entry No. 16) will be **GRANTED**.

In contrast to Molett's pleadings, Florence presents a motion (Docket Entry No. 25) which does not clearly evince similar facts or parties.   Florence does not appear to working with Barnes or Molett nor has he made any attempt to file an Application to Proceed In Forma Pauperis. Moreover, Florence has previously filed frivolous claims and needlessly unmanageable pleadings which would impede the efforts of the plaintiffs as well as the defendants in this action.  *See Florence v. Melton*, No. V-05-045 (S.D. Tex. May 10, 2006).  Florence's motion to intervene (Docket Entry No. 25) will be **DENIED**; however, he may file a separate claim and pay the filing fee under the PLRA provisions.  *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001); *Al-Ra'id v. Ingle*, 69 F.3d 28, 33 (5th Cir.1995).

Therefore, Barnes and Molett will be allowed to proceed as joint plaintiffs in this action. However, other inmates who wish to assert claims regarding their right to practice their religion will have to file a separate complaint and pay the filing fee at this late date.  *See Hubbard*; *Save Our Springs Alliance Inc. v. Babbitt,* 115 F.3d 346 (5th Cir. 1997).

Molett's Application to Proceed In Forma Pauperis (Docket Entry No. 12) will be **GRANTED**.  The two plaintiffs are advised that they will be both be responsible for paying the

filing fee ($ 250.00) and the TDCJ-CID Inmate Trust Fund shall be instructed to withdraw funds from each plaintiff's Inmate Trust Account to pay for the filing fee.

### III. Motions for Injunctive Relief

Barnes has filed several motions in which he seeks preliminary injunctive relief. Docket Entry Nos. 13, 14, and 24. Molett joined Barnes in filing the latest motion. To obtain a temporary restraining order or preliminary injunction, the plaintiffs must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunctive order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunctive order would inflict on the non-movant; and (4) the injunctive order would serve the public interest. *Sierra Club v. City of San Antonio*, 112 F.3d 789, 793 (5th Cir. 1997). The plaintiffs failed to demonstrate the alleged violations are so serious as to require immediate intervention. *Johnson v Kegans*, 870 F.2d 992, 999 (5th Cir. 1989) ("It is axiomatic that to obtain injunctive relief [the plaintiff] must show a real danger that without the injunction he will suffer irreparable harm."). The court determines that the plaintiffs have failed to carry the burden of persuasion that an injunction is necessary at this time. *Planned Parenthood of Houston and Southeast Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Therefore, the motions for injunctive relief (Docket Entry Nos. 13, 14, and 24) will be **DENIED**.

### IV. State Law Claims

Barnes has filed motions (Docket Entry Nos. 20 and 27) for the court to assume supplemental jurisdiction over state court law claims. The motions consist of conclusory allegations that the defendants have violated the state laws concerning prisoners' rights to practice their religion. As stated above, the TDCJ-CID officials may produce evidence which demonstrates that sufficient opportunities have been provided to allow the plaintiffs to exercise their religious beliefs. Therefore,

5

the court will **DENY** the motions (Docket Entry Nos. 20 and 27) at this time until the defendants have filed their responses along with any appropriate dispositive motions. *See Flores v. County of Hardeman, Tex.*, 124 F.3d 736, 739 (5th Cir. 1997).

## V. Motion for Court Records

Molett has filed a motion (Docket Entry No. 23) in which he seeks the court records filed in another case in which he was the plaintiff. *See Molett v. Pierce*, V-04-77 (S.D. Tex. Jan. 12, 2005). Molett had filed a motion for voluntary dismissal in that action which this court granted. *Id.* Although the defendants had filed an answer, they had not filed any dispositive motions or any records in response to Molett's claims. The court clerks are not obligated to provide free copies to parties seeking records to do research. *See Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975). The motion (Docket Entry 23) is **DENIED** because Molett has failed to show why it is necessary for him to have a copy of the record, primarily consisting of his own pleadings, for proper disposition of this action. *See Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997), *citing Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir 1985). The court will take proper notice of the record in that action if it becomes necessary.

## VI. Conclusion

The court **ORDERS** the following:

1. Barnes's' motion for relief from the requirement of filing additional copies (Docket Entry No. 9) and the plaintiffs' motions to add parties and claims (Docket Entry Nos. 11, 15, and 16) are **GRANTED**.

2. Molett's Application to Proceed In Forma Pauperis (Docket Entry No. 12) is **GRANTED**.

3. All other motions (Docket Entry Nos. 13, 14, 19, 20, 22, 23, 24, 25, and 27) are **DENIED**.

4. Kenneth Molett shall be added as a plaintiff to this action.

5. All other inmates seeking to intervene must file complaints in separate actions.

6. The plaintiffs' claim regarding TDCJ-CID's prohibition of beards in violation of their religion is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

7. All other claims regarding plaintiffs' alleged denials of opportunities to express their Muslim religious beliefs are **RETAINED** at this time.

8. The defendants shall be served with notice and instructed to respond in a separate Order.

9. The TDCJ-CID Inmate Trust Fund shall **WITHDRAW** funds from the Inmate Trust Accounts for Kevin Barnes, TDCJ-CID # 1063303, and Kenneth Molett, TDCJ-CID # 629054, to pay the filing fee ($ 250.00) pursuant to the provisions of 28 U.S.C. § 1915(b). Each plaintiff shall be responsible for one-half ($ 125.00) of the filing fee.

10. The Clerk of Court will send a copy of this Order to the parties, the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, fax 512-936-2159 and the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629 by certified mail, return receipt requested.

**SIGNED** on this 26th day of September, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE